IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN BRIAN THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-51 (MTT) |
| | ) |
| Sheriff DAVID DAVIS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On July 9, 2021, the Clerk entered default in favor of Plaintiff Jonathan Brian Thomas against Defendant Sheriff David Davis. Thomas now moves for default judgment, and Davis moves to set aside default. Docs. 12; 13; 17. Because a default judgment has not yet been entered in this case, "[t]he [C]ourt may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "[T]here is no 'precise formula' for determining whether good cause exists." *Reddish v. City of Albany,* 2013 WL 1901324, at *2 (M.D.Ga.) (quoting *Hinson v. Webster Indus.,* 240 F.R.D. 687, 690 (M.D.Ala.2007)). Instead, courts rely on the following nonexclusive factors to determine whether to set aside a default: "(1) whether the default was culpable or willful [,] which entails an assessment of the plausibility of the defaulting party's excuse; (2) whether setting [the default] aside would prejudice the adversary [;] (3) whether the defaulting party presents a meritorious defense[;] and (4) whether the defaulting party acted promptly to correct the default." *Id.* (internal quotation marks omitted) (quoting *Hinson*, 240 F.R.D. at 690). The entry of a default judgment is within the discretion of the Court,

but judgments by default are not generally favored.  *Holiday Hospitality Franchising, LLC v. Premier NW Inv. Hotels, LLC,* 2013 WL 2319065, at *1 (N.D.Ga.) (citations omitted).

Defendant Davis was served on June 16, 2021.  Doc. 11.  Davis's counsel avers that Davis told her he had received "some legal papers" and forwarded them to her between June 23 and June 28, when she was out of town.  Doc. 17-1 at 2.  On July 21, 2021, counsel realized the envelope had been misfiled in a different civil action, learned she was in default, and filed her motion to set aside default.  *Id*.

The Court finds that Davis's default was not culpable or willful and that counsel's explanation of the reasons for being in default are plausible.  Additionally, setting aside the default would not prejudice Thomas, as little time has elapsed, and Thomas makes no argument of prejudice in his response to the motion.  *See generally* Doc. 19.  Further, Davis has asserted several potentially meritorious defenses, including sovereign immunity and failure to name as a party the defendant who provides medical care at the Bibb County Law Enforcement Center.  Doc. 17-1 at 6.  Finally, Davis acted promptly to correct the default because counsel filed an answer and moved to set aside default the same day she discovered Davis was in default, and only fourteen days after the answer was due.

For those reasons, Davis has met his burden of showing good cause exists to set the default aside.  Accordingly, his motion to set aside default (Doc. 17) is **GRANTED**, and Thomas's motion for default judgment (Docs. 12; 13) is **DENIED**.

**SO ORDERED**, this 16th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE

-3-

UNITED STATES DISTRICT COURT